***IN THE UNITED STATES DISTRICT COURT***
***FOR THE NORTHERN DISTRICT OF ILLINOIS***
***EASTERN DIVISION***

BC

FILED
10/14/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
AW

**Olivier Le Queinec v.**
Plaintiff,
Vs.
**THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",**
Defendants.

**Case No.: 1:26-cv-01016**
**Judge:** Hon. Judge Steven C. Seeger
**Magistrate Judge:** Hon. Albert Berry, III

**DEFENDANTS' EMERGENCY PRO SE MOTION TO VACATE MINUTE ORDER (DKT. 37), DECLARE SETTLEMENT AGREEMENT EXPIRED AND UNENFORCEABLE, PROHIBIT THIRD-PARTY ACCOUNT DEBIT, AND ORDER THE IMMEDIATE RELEASE OF RESTRAINED WALMART FUNDS**

Defendants No. 151 (QTH) and No. 152 (JAI SREE RAM), appearing pro se, respectfully move this Honorable Court pursuant to Federal Rules of Civil Procedure 60(b)(4), 60(b)(5), and 60(b)(6) for an Emergency Order: (1) vacating the Minute Order entered at Docket Entry 37; (2) declaring the unconsummated settlement agreement lapsed, expired, and unenforceable; (3) expressly prohibiting third-party marketplace Walmart Inc. from debiting or transferring any funds from Defendants' seller accounts; and (4) directing Walmart Inc. to immediately dissolve all asset holds and release Defendants' accounts in full with zero deductions. In support of this emergency motion, Defendants state as follows:

## I. APPLICABLE LEGAL STANDARD FOR PRO SE LITIGANTS

Defendants proceed in this action pro se. Pleading standards for self-represented litigants are held to "less stringent standards than formal pleadings drafted by lawyers" and must be liberally construed to ensure substantial justice (Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972)).

## II. PROCEDURAL BACKGROUND

1. On April 23, 2026, Plaintiff tendered an out-of-court settlement agreement wherein Defendants warranted zero (0) lifetime sales and no inventory of any accused products. The agreement expressly required remittance within two (2) business days via international wire.

2. Due to strict foreign exchange regulations and sovereign regulatory caps in India, an outward international commercial wire transfer proved legally and factually impossible.
3. On June 22, 2026, Defendants filed a pro se motion (Dkt. 34) proposing an alternate mechanism—requesting the Court to authorize Walmart to split a $1,000 debit evenly ($500 from QTH and $500 from JAI SREE RAM).
4. That motion sat pending without action for nearly four months while Defendants' businesses remained paralyzed.
5. On October 5, 2026, this Court issued an Order to Show Cause (Dkt. 36), notifying Plaintiff that pursuant to binding Seventh Circuit precedent (Kangol LLC v. Hangzhou Chuanyue Silk Import & Export Co., 177 F.4th 793 (7th Cir. 2026)), email service was invalid and directing Plaintiff to establish diligent efforts to verify physical addresses by October 12, 2026, under penalty of dismissal. Plaintiff failed to comply.
6. On October 14, 2026, the Court entered two conflicting orders:

   - Docket Entry 37: The Court conditionally granted Dkt. 34, authorizing Walmart to transfer $1,000 solely from Jai Sree Ram's account balance, while noting that Walmart is not a bank and leaving any objections to be sorted out by the parties.

   - Docket Entry 38: Shortly thereafter, the Court entered its Final Order: "Plaintiff has not shown that it effectuated proper service of process in a timely manner. So the case is over. The complaint is dismissed without prejudice... The case is closed. Civil case terminated."

## III. ARGUMENTS & GROUNDS FOR RELIEF

### A. The Settlement Agreement Has Expired, Lapsed, and Suffered a Complete Failure of Consideration

Under basic principles of contract law, an agreement that is conditioned on execution within a defined timeframe and remains unperformed due to supervening impossibility of performance cannot be resurrected months later after the entire substratum of the contract has dissolved.

- The settlement was negotiated in April 2026 to resolve an active lawsuit and avoid litigation risk.
- Nearly six months have elapsed. Plaintiff did not seek entry of a consent judgment nor effectuate proper service.
- When this Court terminated the entire action on October 14, 2026 (Dkt. 38), the consideration supporting any prospective settlement—namely, the avoidance of litigation—vanished entirely. Defendants cannot be bound to pay $1,000 for the "dismissal" of a case that this Court has already independently dismissed and terminated due to Plaintiff's procedural default.

**B. The Court Lacks Jurisdiction to Prospectively Enforce a Settlement After Final Dismissal**

Under the Supreme Court's landmark ruling in Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375, 381–82 (1994), a federal district court does not retain ancillary jurisdiction to enforce an out-of-court settlement agreement following dismissal unless the dismissal order expressly incorporates the terms of the settlement or explicitly retains jurisdiction under Rule 41.

- In Docket Entry 38, this Court entered an unconditional dismissal without prejudice and ordered the civil case closed.
- The Court did not retain jurisdiction to enforce settlement terms, nor did it incorporate any settlement into the judgment.
- Because this Court declared that "the case is over", it lacks ancillary subject-matter jurisdiction to permit pre-judgment or post-dismissal execution against Defendants' assets based on a superseded minute order.

**C. Rule 60(b)(5) and (6) Mandate That Dkt. 37 Be Vacated**

Federal Rule of Civil Procedure 60(b)(5) provides that a court may relieve a party from an order where "applying it prospectively is no longer equitable." Rule 60(b)(6) permits relief for "any other reason that justifies relief."

- Interlocutory asset restraints and preliminary injunctions dissolve automatically as a matter of law upon final dismissal of the complaint (see U.S. Philips Corp. v. KBC Bank N.V., 590 F.3d 1091, 1093–94 (9th Cir. 2010)).
- Allowing Docket Entry 37 to remain live creates an unjust windfall for Plaintiff. Plaintiff failed to serve process, ignored the Court's Show Cause deadline, and suffered dismissal of their action. Permitting Plaintiff to seize $1,000 from an unserved foreign defendant whose zero-sales record is uncontested—while every other unserved defendant is dismissed with their accounts released—constitutes an impermissible and inequitable penalty.

**D. Imminent Danger of Irreparable Harm from Third-Party Processing**

Walmart Inc. is a third-party non-bank platform. If Plaintiff presents Docket Entry 37 in isolation to Walmart Legal, Walmart will execute the $1,000 debit without evaluating the docket's final dismissal order (Dkt. 38). Moreover, Docket Entry 37 authorized a debit solely from "Jai Sree Ram", leaving "QTH" restrained and providing no legal mechanism to unfreeze Defendants' primary business. An explicit, overriding court order is urgently required to stop any debit and compel Walmart to release all held accounts immediately.

**IV. PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully request that this Court enter an Order:

1. VACATING the Minute Order at Docket Entry 37 in its entirety;
2. DECLARING that the April 2026 settlement agreement has lapsed, expired, and is legally unenforceable;
3. PROHIBITING Walmart Inc. and any payment processor from executing any debit, transfer, or deduction against Defendants' accounts pursuant to this litigation;
4. DIRECTING Walmart Inc. to immediately and unconditionally dissolve all asset freezes, temporary restraining orders, and operational holds against Defendants No. 151 and No. 152—specifically:
    - QTH (Walmart Account/Seller IDs: 102672738; 10002692144)
    - JAI SREE RAM (Walmart Account/Seller IDs: 102826301; 10002845924) and release all restrained account balances directly to Defendants with ZERO DEDUCTIONS; and

Granting such further relief as this Court deems just, proper, and equitable.

Dated: October 15, 2026

Respectfully submitted,

Gokul

**QTH & JAI SREE RAM**

*Defendants Pro Se*

359 Gate No. 2, Vivekanandhar Street

Bharathinagar, Salem 636010 INDIA

Email: qth.acc@hotmail.com

Phone: +91 8608787191

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was electronically filed on October 15, 2026 with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all registered attorneys of record.

Gokul
**QTH & JAI SREE RAM**
*Defendants Pro Se*
359 Gate No. 2, Vivekanandhar Street
Bharathinagar, Salem 636010 INDIA
Email: qth.acc@hotmail.com
Phone: +91 8608787191